UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM RAY BAKER,<br><br>    Plaintiff,<br><br> vs.<br><br>BRENT PHILLIPS, MAUREN HENSON, SHARMILA CHANDRAN, ALYSON WEIDRICH, TRESHA MORELAND, LIA GREEN, PAULA McINERNEY-HALL, JASON GREEN, JOHN PIERCE, RN JUDITH WARNKE, RICHARD RICE, RONALD BUNNELL, ROBERT WILSO, RN JANEL BROWN, TRISTINA WEEKELY, RN, MSN, CNS CHARLENE WILLIAMS, RN NICHOLAS NORNING, RN WAND DOLAN, RN JENNY TROPPLE, RN PEG DOUD, RN TAMMY MEADORS, JOSEPH SCHMIDT, RN EMILY McDERMOTT, COMET HARLDSON, JENNIFER VAN ANNE, PHIL ROGERS, MARY BELL, JACKLYN WINTERS and THOMAS GRATZER,<br><br>    Defendants. | CIV. 17-5058-JLV<br><br><br><br><br><br>ORDER |

**BACKGROUND**

Plaintiff William Ray Baker, appearing *pro se*, filed this action against the individual defendants. (Docket 1). Plaintiff alleges some of these defendants have an affiliation with Rapid City Regional Hospital ("Regional Hospital"). Id.; (Docket 1-3). Some defendants have a connection to plaintiff through a workers' compensation claim he filed. (Docket 1-4). According to plaintiff, his lawsuit revolves around a "right to sue" letter he received from the United States Department of Labor Office of Federal Contract Compliance Programs. (Docket

1-1). The letter indicates plaintiff could pursue a claim under Title VII of the Civil Rights Act ("Title VII") in state or federal courts. Id. Aside from the "right to sue" letter, plaintiff grounds his lawsuit in "varied South Dakota laws, within the jurisdiction" of this court. (Docket 1 at p. 1). Plaintiff indicates those laws "will be identified in the OSHA Story[,]" which is not part of the record. Id. In the "statement of claim" portion of the complaint, plaintiff refers to two attachments to his complaint and asserts "federal contractor, subcontractors, and its vendors have willfully, knowingly with specific intent, have directly, indirectly, threatened covertly and harassed, humiliated, violated me. Left me for dead with no case management, violating SD, and varied federal laws." Id. at p. 3.

The first attachment the complaint refers to is a document plaintiff calls his "resume." (Docket 1-3). The purpose of the resume is not clear, but it cites to the Occupational Safety and Health Act of 1970 ("OSHA") and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Id. It refers to defendant Thomas Gratzer, M.D., and an experience plaintiff describes as "Pysocological [sic] Rape[.]" Id. at p. 2. It also mentions defendant Comet Haraldson asking plaintiff about his experience with Dr. Gratzer. Id.

The second attachment is a narrative with several parts. (Docket 1-4). It details federal regulations and an executive order. Id. at pp. 1-2. It claims staff, presumably staff at Regional Hospital, abused his mother, Margaret Ann Baker, and that people from Regional Hospital surveilled plaintiff. Id. at p. 3. The narrative claims a violation of concerted activity protections under the National Labor Relations Act ("NLRA") and notes plaintiff received a "right to sue"

letter on February 19, 2016, from the Equal Employment Opportunity Commission ("EEOC"). Id. The attachment cites a decision from plaintiff's workers' compensation case regarding his mental health. Id. at p. 4. Plaintiff claims he received a threatening text message on June 18, 2017. Id. He asserts defendants Jennifer Van Anne and Comet Haraldson have documents with contents relating to him. Id. Plaintiff contends HIPAA and SDCL § 62-2-22 have been violated. Id. at pp. 4-5.

Defendants filed motions to dismiss. (Dockets 14, 16, 19 & 22).

## DISCUSSION

Each motion to dismiss filed by defendants cites Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dockets 14, 16, 19 & 22). The court finds plaintiff's complaint must be dismissed under Rules 12(b)(6) or 12(b)(1). Consequently, the court does not address defendants' other bases for dismissal.

Plaintiff submitted filings in response to defendants' motions, and they contain numerous factual assertions beyond those alleged in his complaint. (Dockets 29 & 33). The additional facts in plaintiff's responses are not properly before the court and the court will not consider them in ruling on defendants' motions. See Fischer v. Minneapolis Pub. Sch., 792 F.3d 985, 990 n.4 (8th Cir. 2015) ("But Fischer failed to include these claims in his complaint, failed to file an amended complaint by the deadline, and did not later petition to court to amend his complaint. Accordingly, these claims were not properly before the district court.") (internal citations omitted); Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a

3

complaint may not be amended by the briefs in opposition to a motion to dismiss."); Midland Farms, LLC v. U.S. Dep't of Agric., 35 F. Supp. 3d 1056, 1066 (D.S.D. 2014) ("Midland may not amend its Complaint through an argument raised in a brief in opposition to a motion to dismiss.") (collecting cases).

Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Two "working principles" underlie Rule 12(b)(6) analysis. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as . . . factual allegation[s]" in the complaint. See id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555) (internal quotation marks omitted). The court does, however, "take the plaintiff's factual allegations as true." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678 (citation omitted). The complaint is analyzed "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (internal citation omitted). "In a facial challenge to jurisdiction, all of

4

the factual allegations concerning jurisdiction are presumed to be true and the motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. (internal citation omitted). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).

In applying these principles, the court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

## I. Title VII

Plaintiff pursues Title VII claims against individual defendants, none of whom were his employer.

"Since [Title VII's] passage in 1964, it has prohibited employers from discriminating against their employees on any seven specified criteria." Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2525 (2013). Five are personal characteristics: race, color, religion, sex and national origin. See 42 U.S.C. § 2000e-2. And two are "the employee's opposition to employment discrimination, and the employee's submission of or support for a complaint that

5

alleges employment discrimination—[which] are not . . . based on personal traits but rather types of protected employee conduct." Nassar, 133 S. Ct. at 2525; see 42 U.S.C. § 2000e-3(a). "To succeed on . . . race, gender, and age discrimination claims, [a plaintiff] must show either direct evidence of discrimination or evidence . . . sufficient to create an inference of discrimination under the *McDonnell Douglas* burden shifting framework." Blackwell v. Alliant Techsystems, Inc., 822 F.3d 431, 435 (8th Cir. 2016) (internal quotation marks omitted).

Plaintiff's Title VII claims fail against all defendants because "individual employees cannot be personally liable under Title VII." McCullough v. Univ. of Arkansas for Med. Scis., 559 F.3d 855, 860 n.2 (8th Cir. 2009) (citing Bonomolo-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist., 121 F.3d 446, 447 (8th Cir.1997) (per curiam)). Under Rule 12(b)(6), the court grants defendants' motions to dismiss plaintiff's Title VII claims. For these claims, plaintiff fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

## II. HIPAA

Plaintiff's HIPAA claim fails "because HIPAA does not create a private right of action." Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010) (citing Adams v. Eureka Fire Prot. Dist., 352 Fed. Appx. 137, 139 (8th Cir. 2009)); see Lafleur v. Jetzer, No. 4:14-CV-04175, 2015 WL 6157745, at *6 (D.S.D. Oct. 20, 2015)

(citing this holding in Dodd).  The court grants defendants' motions to dismiss plaintiff's HIPAA claim under Rule 12(b)(6).

**III. OSHA**

The court dismisses plaintiff's OSHA claim because neither OSHA nor its regulations "independently create private rights of action or impose alternative duties on defendants." Chew v. American Greetings Corp., 754 F.3d 632, 637 (8th Cir. 2014) (citing 29 U.S.C. § 653(b)(4) ("Nothing in this chapter shall be construed to . . . enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.")).  In some cases, "[v]iolations of federal regulations may serve as evidence, but unless clearly indicated by Congress, they do not 'independently create private rights of action' and therefore do not constitute a claim arising under the Constitution, law, or treaties of the United States." Johnson v. Stokes Contractor Servs., No. 4:14 CV 1052, 2014 WL 4450532, at *3 (E.D. Mo. Sept. 10, 2014) (quoting Chew, 754 F.3d at 637).  The court grants defendants' motions to dismiss plaintiff's OSHA claim under Rule 12(b)(6).

**IV. NLRA**

The NLRA "gives employees the right to engage in concerted activities for the purposes of mutual aid and protection." Williams v. Watkins Motor Lones, Inc., 310 F.3d 1070, 1071-72 (8th Cir. 2002) (footnote omitted) (citing 29 U.S.C.

7

§ 157). Under Rule 12(b)(6), plaintiff's NLRA claim must be dismissed. Considering the facts plaintiff's complaint advances, and liberally construing his NLRA claim, there is not "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). Plaintiff alleges no facts plausibly suggesting that any defendant interfered with, restrained, or coerced his exercise of his right to concerted action. See 29 U.S.C. § 158(a)(1).

Rule 12(b)(1), dismissal based on a lack of subject matter jurisdiction, provides another basis for dismissing this claim. See Fed. R. Civ. P. 12(b)(1). "Violations of an employee's right to engage in concerted activities are within the exclusive jurisdiction of the NLRB." Buscemi v. McDonnell Douglas Corp., 736 F.2d 1348, 1350 (9th Cir. 1984). Consequently, this court finds "it ha[s] no subject matter jurisdiction over the [NLRA] claim, and deference to the 'exclusive competence' of the NLRB [is] proper." Id.; see Gerhardson v. Gopher News Co., 698 F.3d 1052, 1057 (8th Cir. 2012) ("[T]he [NLRB] has exclusive jurisdiction over claims that 'arguably' constitute unfair labor practices under §§ 7 or 8 of the NLRA.").

**ORDER**

Based on the above analysis,[1] it is

ORDERED that defendants' motions to dismiss (Dockets 14, 16, 19 & 22) are granted.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed. Plaintiff's Title VII, HIPAA and OSHA claims are dismissed with prejudice. Plaintiff's NLRA and state law claims are dismissed without prejudice.

Dated February 9, 2018.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

---

[1] To the extent plaintiff attempts to advance a claim based on SDCL § 62-2-22, (Docket 1-4 at p. 5), the claim is dismissed under Rule 12(b)(6). That statute governs the admissibility of evidence in workers' compensation cases. The statute does not create a cause of action and even if it did, plaintiff fails to articulate facts to support a claim.